IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Adrian Aguayo Rivera,<br>  Petitioner,<br>v.<br>John Cantu, et al.,<br>  Respondents. | No. CV-25-03579-PHX-DWL (DMF)<br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under § 2241 challenging his immigration detention. (Doc. 1.) The petition is fully briefed. (Docs. 7-8.) For the reasons that follow, the petition is granted in part (as to Count One), dismissed in part (as to Count Three), and remains pending in part (as to Counts Two and Four). Based on the grant of relief as to Count One, Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.     Background**

Petitioner is a citizen of Mexico who was previously removed from the United States. (Doc. 7-1 ¶ 14.) In December 2008, Petitioner reentered the United States without inspection. (Doc. 1 ¶ 16.)

In August 2023, Petitioner filed a petition under the Violence Against Women Act ("VAWA"). (*Id.* ¶ 26.) In January 2024, USCIS determined Petitioner established a prima facie case for VAWA relief, but his petition remains pending. (*Id.* ¶ 27.)

On August 14, 2025, Petitioner was arrested and taken into custody by DHS. (Doc.

1 ¶ 30; Doc. 7-1 ¶ 17.)  Petitioner alleges he has been detained without a bond hearing.  (Doc. 1 ¶ 32.)

In his petition, Petitioner challenges his detention on procedural and substantive due process grounds.  (Doc. 1 at 13-14 ¶¶ 45-53.)  Petitioner also challenges his detention as a VAWA applicant and seeks mandamus relief to compel adjudication of his VAWA petition.  (*Id.* at 14-15 ¶¶ 54-62.)

**II. Analysis**

**A. Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

In Count One, Petitioner alleges that his detention is unlawful in part because he was detained "without any hearing [or] individualized assessment" and further alleges that "any future detention must be preceded by a hearing where the government bears the burden of proving, by clear and convincing evidence, that detention is necessary."  (Doc. 1 at 13 ¶¶ 48-49.)  Respondents contend that Petitioner was properly denied a bond hearing because he "is an 'applicant for admission' who must therefore be detained pending removal proceedings" because he is "subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  (Doc. 7 at 1.)  Respondents "acknowledge[]" that in *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025), this Court "explicitly rejected [their] legal position that aliens who enter without admission, inspection or parole and are charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i) are applicants for admission under 8 U.S.C. § 1225(a)(1), who are therefore subject to mandatory detention under 8 U.S.C. 1225(b)(2)(A), regardless of how long ago they entered" but contend that there are "at least four federal courts that have joined what the government acknowledges is a minority position on whether § 1225 applies to persons in Petitioner's position rather than § 1226."  (Doc. 7 at 8.)  In addition to the cases cited by Respondents, the Court is aware of a few more reaching the same conclusion.  *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. 2025); *Garibay-Robledo v. Noem*, No.

1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025). But it is unsurprising that judges across the country are not in full agreement on how this issue should be resolved—indeed, the Court previously emphasized that "it views this issue as presenting a complicated and debatable question." *Echevarria*, 2025 WL 2821282 at *5. It is also fair to note that Respondents correctly acknowledge their view represents the minority position—in the weeks since the Court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). At any rate, having carefully reviewed the recent decisions adopting the minority view, the Court respectfully declines to revisit the conclusion it reached in *Echevarria*. The Court will therefore grant the petition as to Petitioner's claim for relief in Count One. Accordingly, Respondents must provide Petitioner a bond redetermination hearing within seven days or release him from custody under the same conditions that existed before his detention.

In Counts Two and Four, Petitioner seeks relief that goes beyond the relief being granted in Count One, in that he does not merely seek a bond hearing but contends that his detention is unconstitutionally prolonged and categorically impermissible due to his status as a VAWA applicant. It is unnecessary at this time to reach those claims, as they will be mooted if Petitioner is released following the upcoming bond hearing being ordered in relation to Count One. Accordingly, the Court will reserve judgment on Counts Two and Four until it receives an update from Respondents concerning the outcome of Petitioner's bond hearing.

B.  **Mandamus Relief for Unreasonable Delay in VAWA Application Adjudication**

Petitioner's third claim challenges the unreasonable delay in adjudication of his VAWA petition and seeks mandamus relief. The Court will dismiss this claim as improperly brought in habeas. *Pinson v. Carvajal*, 69 F.4th 1059, 1070-1071 (9th Cir. 2023) ("[A] claim is at the core of habeas . . . if a successful petition demonstrates that the *detention itself* is without legal authorization. . . . By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus."). Petitioner's claim does not challenge the legality of his detention. As a result, this claim is not cognizable in habeas and must be dismissed.[1]

Accordingly,

**IT IS ORDERED:**

1. The reference to the Magistrate Judge is **withdrawn** as to this matter.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Petitioner's First Claim for Relief. Petitioner's Second and Fourth Claims **remain pending**. Petitioner's Third Claim for Relief is **dismissed** for lack of jurisdiction.

3. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.

…

…

…

…

…

…

---

[1] Petitioner may bring a separate civil action in mandamus to challenge adjudication of his VAWA application.

4. Respondents must provide a notice of compliance within **one day** of releasing Petitioner or providing him a bond hearing. The notice must specify the outcome of any bond hearing.

Dated this 1st day of December, 2025.

_____
Dominic W. Lanza
United States District Judge

- 5 -